IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Estate of SHIRLEY A. HARTY. | ) ) ) | No. 68036-6-I |
| J. PATRICK HARTY, | ) ) | DIVISION ONE |
| Appellant, | ) ) ) | |
| BENJAMIN HARTY and JASON HARTY, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| GREG HARTY, | ) ) | FILED: June 24, 2013 |
| Respondent. | ) ) ) | |

BECKER, J. — Patrick Harty obtained partial relief on appeal from a judgment that was not superseded. He argues in this second appeal that because RAP 12.8 contains the phrase "shall . . . provide restitution," the trial court had a mandatory obligation to order restitution when its earlier decision was modified on appeal. Patrick Harty fails to acknowledge that the rule also contains the phrase "in appropriate circumstances" and that the trial court must be guided by equitable principles. We affirm the trial court's decision denying restitution.

This appeal is a sequel to a previous case involving a family dispute about the estate of Shirley Harty. In re Estate of Harty, noted at 159 Wn. App. 1048 (2011). Shortly before she died, Shirley made Greg Harty, one of her three sons,

a joint owner with right of survivorship on the credit union accounts that contained most of her wealth. Shirley's decision to favor Greg in this way was not revealed to others until after her death. Another son, Patrick Harty, sued Greg under the Trust and Estate Dispute Resolution Act (TEDRA), chapter 11.96A RCW. He challenged the validity of Shirley's designation of Greg as a joint owner of the accounts and accused Greg of exerting undue influence. Patrick's two sons, Benjamin and Jason (Shirley's grandsons), joined him in the petition.

There was a seven-day bench trial in January 2009. The trial court dismissed the action on Greg's motion after Patrick rested his case, a ruling that would later be affirmed on appeal.

The trial court awarded Greg, as the prevailing party, a judgment for $135,015.44 in attorney fees and costs under RCW 11.96A.150. The issue in this second appeal arises from the fact that Greg persuaded the trial court to enter the judgment for attorney fees not only against the losing parties, Patrick and his two sons, but also against Patrick's wife, Christine, and the marital community composed of Patrick and Christine. Christine and the marital community were not parties to the action. The trial court accepted Greg's argument that Christine's willing participation in the lawsuit as a witness for Patrick showed that the lawsuit was a family project, and that Christine and the marital community were real parties in interest even though they were not named parties. The trial court adhered to this position notwithstanding Patrick's motion

for reconsideration in which he asserted that he alone controlled the litigation and the marital community did not stand to benefit from it.

Patrick and his sons appealed, but they did not supersede the judgment for attorney fees. While the first appeal was pending, Greg garnished a total of $28,539.55 from Patrick's paychecks and the couple's bank account. All these funds were community property; Patrick did not have any separate property.

In the course of his collection efforts, Greg discovered that Patrick and Christine had recorded a deed of trust against their house to secure the unpaid fees owed to Patrick's attorney. At Greg's request, the trial court imposed a supplemental judgment for attorney fees as a CR 11 sanction, on the ground that it was disingenuous for Patrick to insist in his motion for reconsideration that the lawsuit was his separate endeavor when he had used community assets to fund it.

This court affirmed the dismissal of the TEDRA action by Patrick and his sons against Greg. We also affirmed the judgment for attorney fees, except insofar as it was entered against Christine and the marital community. The statute "authorizes fees only against estate or trust assets, nonprobate assets that are the subject of the proceedings, or parties to the action." Harty, slip op. at 13, citing RCW 11.96A.150(1). Because Christine and the marital community were not parties to the action, we directed the trial court to modify the judgment on remand so that it was entered only against Patrick and his two sons. We also reversed the supplemental judgment imposing sanctions, reasoning that the use

3

of a community asset to fund litigation for Patrick's benefit did not make it disingenuous for Patrick to insist that the lawsuit was his separate endeavor. We exercised our discretion to award attorney fees on appeal to Greg against Patrick, Benjamin, and Jason, except for the fees Greg incurred defending the supplemental judgment for attorney fees as sanctions and the inclusion of Christine and the marital community in the original judgment.

On remand, citing RAP 12.8, Patrick moved in the trial court to have Greg reimburse the marital community for the community property funds Greg had garnished—$28,539.55—plus interest. Patrick argued that as a result of this court's decision, the community assets were not subject to garnishment or execution by Greg. The trial court denied Patrick's motion. Patrick appeals.

Patrick contends that once this court decided that the marital community was not liable on the judgment, the trial court was obliged by RAP 12.8 to order Greg to restore the garnished funds to the marital community. The rule, Patrick emphasizes, uses the word "shall":

> If a party has voluntarily or involuntarily partially or wholly satisfied a trial court decision which is modified by the appellate court, the trial court shall enter orders and authorize the issuance of process appropriate to restore to the party any property taken from that party, the value of the property, or in appropriate circumstances, provide restitution.

RAP 12.8.

Greg makes two arguments in response. First, he contends that a judgment is analogous to a tort, and he had a right to execute on Patrick's half of the community property under the rationale of deElche v. Jacobsen, 95 Wn.2d

4

237, 622 P.2d 835 (1980). Second, he contends that restitution under RAP 12.8 is not mandatory. Because we agree with his second argument, we do not address the first. Although Greg's argument for a new application of the deElche rationale is interesting, Patrick does not cite or brief community property law to argue for reversal. We are hesitant to approach a question of first impression in community property law without adequate briefing from both sides. We need not do so in this case.

Patrick's appeal is based exclusively on RAP 12.8. The language of RAP 12.8 does not make restitution mandatory after a trial court decision is modified by the appellate court. Because restitution is to be provided by the trial court "in appropriate circumstances," restitution is "*not* a matter of right," nor is it "automatic upon the modification of a judgment by an appellate court." Ehsani v. McCullough Family P'ship, 160 Wn.2d 586, 597, 159 P.3d 407 (2007). Restitution under RAP 12.8 is an equitable remedy. Trial courts have broad discretion to fashion equitable remedies, reviewable for abuse of discretion. Ehsani, 160 Wn.2d at 589. Appropriate circumstances for providing restitution may be identified by looking to the common law of restitution. Ehsani, 160 Wn.2d at 590-91.

Patrick does not come to grips with the equitable nature of the decision the trial court was called upon to make. He does not look to the common law of restitution. He simply insists that restitution is mandatory and the trial court should have granted it because the facts of this case are not the same as the

5

facts in other cases where restitution was denied.

The record of this case supports the trial court's decision to deny restitution. The litigation was initiated by Patrick, not by Greg. Shirley Harty's bank accounts rightfully belonged to Greg, yet Patrick forced Greg to incur many thousands of dollars in attorney fees to defend his rights. Patrick's wife, Christine, supported the litigation and participated in it. She agreed to encumber the community real property as security for Patrick's unpaid attorney fees so that he could carry on the fight. Having lost the fight, Patrick has a personal obligation to pay Greg's attorney fees. This is a separate obligation, yet Patrick has no separate assets that can be used to satisfy it. As neither Patrick nor Christine posted a bond to supersede the original judgment, Greg had the right to garnish community funds while the appeal was pending. On appeal, Patrick prevailed only to the extent that this court recognized that Christine and the marital community were not named parties and therefore should be removed from the judgment. The amount of the judgment against the named petitioners, Patrick and his two sons, was not modified on appeal at all. Patrick would have this court put him in a position where he can enforce a judgment against Greg for the $28,539.55 that Greg garnished from community funds, while Greg is unable by any means to enforce his judgment against Patrick, which at this point amounts to more than $135,000. This is inequitable.

In summary, Patrick's only argument for reversal is that RAP 12.8 makes restitution mandatory. Following Ehsani, we reject that argument.

6

Greg requests an award of attorney fees on appeal. Such a request continues to be governed, as in the first appeal, by RCW 11.96A.150(1). Under that statute, an award is discretionary. We exercise our discretion to award Greg fees on appeal against Patrick.

Affirmed.

Becker, J.

WE CONCUR: